IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-217-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| RAY DELOYETTE DALLAS, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion to suppress, (DE # 15), the memorandum and recommendation ("M&R") of the United States Magistrate Judge, (DE # 28), the government's response in support of the M&R, (DE # 30), and defendant's timely objections to the M&R. (DE # 39.) In this posture, the issues raised are ripe for ruling.

Defendant was indicted August 6, 2008, on a single count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. The conduct alleged in the indictment involved defendant allegedly shooting his brother, Jack Blackwell, Sr. ("Blackwell, Sr."), with an SKS rifle that was in the trunk of the car in which the two brothers were driving that night. On November 6, 2008, defendant made the instant motion to suppress all evidence obtained from the January 11, 2008, search of a 2000 Hyundai that plaintiff had been driving at the time of the incidents giving rise to his arrest. Defendant contends that the warrantless search by the government violated his Fourth Amendment right to be free of unreasonable searches and seizures. The United States Magistrate Judge held a suppression hearing on December 15, 2008, and subsequently issued an M&R recommending defendant's motion be denied because the warrantless search is covered by

the "automobile exception" to the Fourth Amendment's general requirement that police searches be conducted pursuant to a warrant. The government responded to the M&R supporting the magistrate judge's findings and arguing several other potential bases for denying defendant's motion. Defendant then objected to the M&R on both factual and legal grounds.

Specifically, defendant makes three objections to the factual findings of the M&R. First, defendant contends that there is not testimony from Detective Melissa Hill that Jack Blackwell, Jr. ("Blackwell, Jr.") told Hill that defendant knew of two rifles in an abandoned vehicle on Brandy Dallas's ("Brandy") property. Second, defendant objects to the magistrate judge's finding that defendant told Detective Hill that the two rifles were in the trunk of the 2000 Hyundai and that Brandy would help the detectives locate them. Finally, defendant objects to the magistrate judge's finding that Brandy pleaded with Detective Adam Troy Brinkley not to seize the 2000 Hyundai.

Defendant also objects to the magistrate judge's conclusion that the "automobile exception" applies in this case, arguing that the case law on which the magistrate judge based his recommendation can, and should, be distinguished from the instant case. Further, defendant contends that, by reaching the question of whether the "automobile exception" applies in this case, the magistrate judge impliedly found that defendant had a reasonable expectation of privacy in the 2000 Hyundai and, presumably, that the other legal bases for suppression argued by defendant were valid.

This court now reviews *de novo* those portions of the M&R to which defendant has objected. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3); see also United States v. Raddatz, 447 U.S. 667, 681-82. The court "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P.

2

59(b)(3); 28 U.S.C. § 636(b)(1)(C). A district court may hear testimony of witnesses when an issue of credibility arises, however, it is not necessarily required. See Peretz v. United States, 501 U.S. 923, 937 (1991); Proctor v. State Gov't of N.C., 830 F.2d 514, 518 n 2 (4th Cir. 1987); see also United States v. Orrego-Fernandez, 78 F.3d 1497, 1501 (10th Cir. 1996) (noting that the requirement for a district court to receive testimony when deciding credibility questions is directed only to findings that are dispositive).

The court first turns its attention to defendant's objection regarding the applicability of the "automobile exception" to this case. For the reasons discussed below, the court finds the magistrate judge correctly determined that the "automobile exception" applies and, therefore, the warrantless search of the 2000 Hyundai was proper. None of defendant's factual objections would alter this conclusion, obviating the need to address those objections at this time.[1]

Defendant contends that California v. Carney, 471 U.S. 386 (1985), should guide this court's analysis of the instant motion for suppression. In Carney, the Supreme Court discussed the twin bases underlying the "automobile exception" to the Fourth Amendment's general requirement of a warrant for police searches. "The reasons for the vehicle exception, we have said, are twofold. Besides the element of mobility, less rigorous warrant requirements govern because the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office." Carney, 471 U.S. at 391 (quoting South Dakota v. Opperman, 428 U.S. 364, 367 (1976)) (internal citations and quotations omitted). From the Court's discussion in Carney, defendant,

---

[1]Further, defendant's objections to these factual "findings" are misplaced. Review of the M&R reveals that the magistrate judge did not make any actual credibility determinations regarding the facts of this case but rather simply summarized and reported the testimony of the various witnesses, including the instances where witnesses contradicted one another.

correctly, draws the conclusion that a vehicle need be mobile for the "automobile exception" to apply. See Maryland v. Dyson, 527 U.S. 465, 466 (1999) (*per curiam*) (reiterating that if a car "is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more"). However, as discussed further below, defendant incorrectly contends that the 2000 Hyundai at issue in this case was not mobile for purposes of the "automobile exception" because no one other than defendant, who was in custody, had a key that could operate the vehicle.

To further this line of reasoning, defendant attempts to factually distinguish this case from two cases applying the "automobile exception" on which the magistrate judge relied. Defendant's efforts in this regard appear aimed at demonstrating that this court should require exigency that would have preclude the police from applying for a warrant before searching the car before allowing the "automobile exclusion" to apply. For instance, defendant points out that in Maryland v. Dyson, the car at issue was a rented vehicle that police pulled over and searched based on a tip from a confidential informant that the defendant rented the car for the purpose of buying and transporting a large amount of cocaine from New York to Maryland. 527 U.S. at 465-66. And, in United States v. Brookins, the police had seen the car at issue being used in drug deals. 345 F.3d 231, 233-34 (4th Cir. 2003) While officers pursued Brookins and another suspect on foot, Brookins's wife sped off in the car. Id. Fifteen minutes later, police located the vehicle parked in the driveway of Brookins's mother-in-law. Id. at 234. As officers approached the house, an individual exited the house and opened the door of the car as if he were going to get in the car. Id. The officers stopped the individual and conducted a warrantless search of the car that the Fourth Circuit determined was covered by the "automobile exception." Id. at 234, 238.

Defendant contends that this case is factually distinguishable because the car was parked in front of Brandy Dallas's home and no one had the keys to the car. As such, there was no exigency involved and the "automobile exception" should not apply. In so arguing, defendant relies heavily on Coolidge v. New Hampshire, 403 U.S. 443 (1971). In that case, the police, after weeks of investigation, sought and received a warrant from the New Hampshire State Attorney General to search the defendant's car. Id. at 446-47. The police then towed the car, which was parked in front of defendant's house, and searched it for evidence linking defendant to a murder. Id. at 447-48. The Supreme Court held that the warrant was invalid because it was not issued by a neutral and detached magistrate and went on to hold that the search of the car without a valid warrant did not fall within the "automobile exception." Id. at 450-55, 458-63.

This court finds that Coolidge is inapplicable to the instant case. The search of the car in that case was the result of lengthy police investigation and was intended to produce forensic evidence of a crime, not contraband substances or firearms. And, the plurality opinion there indicates that the Court was requiring some kind of exigent circumstances beyond the fact of the car's ready mobility to justify a search under the "automobile exception." Id. at 460. Though Coolidge has never formally been overruled, its requirement of exigent circumstances to justify a search under the "automobile exception" has been abandoned by the Court.[2] Subsequent Supreme Court cases have clearly rejected the need for such separate exigent circumstances, holding that as long as a car is

_____

[2]Defendant also relies on United States v. Bradshaw, 490 F.2d 1097 (4th Cir. 1974), for support. This reliance is misplaced. In Bradshaw, the Fourth Circuit held invalid a warrantless search of a truck because there were no "facts indicating risk of loss of evidence." Id. at 1103. The court specifically attempted to analyze the holding of Coolidge in an attempt to determine the scope of the "automobile exception." Id. at 1102. The court rested its holding that the "automobile exception" did not apply to the search of the truck on its conclusion that exigent circumstances were apparently required to justify a search under the "automobile exception." Id. As discussed above, the Supreme Court has since clarified that no separate exigency beyond the fact of a car's "ready mobility" is required to justify a search under the "automobile exception."

5

readily mobile and probable cause exists to believe that it contains contraband, police need not apply for a warrant to search the car. See Dyson, 527 U.S. at 466-67 (citing Pennsylvania v. Labron, 518 U.S. 938 (1996) (*per curiam*)); see also United States v. Valentine, 297 Fed. Appx. 266 (4th Cir. 2008) (applying "automobile exception" to search of car for firearms); Brookins, 345 F.3d at 238.

In this case, both requirements of the "automobile exception" are present. The Fourth Circuit has interpreted the "readily mobile" requirement of the "automobile exception" to mean that a car need only be "clearly operational." Brookins, 345 F.3d at 238. Defendant's car was clearly operational as defendant had been driving it just a few hours prior to the police searching it. That defendant had the keys to the car does not render the car any less "readily mobile" under the standard that guides this court's analysis. Further, there was more than sufficient evidence to satisfy the probable cause requirement. Probable cause exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." Ornelas v. United States, 517 U.S. 690, 696 (1996). Probable cause, further, is a "fluid concept[] that take[s] [its] substantive content from the particular contexts in which [it is] being assessed." Id. Under any reasonable formulation of the probable cause standard, and under any reasonable view of the facts in this case, probable cause existed to search the car at issue.

First, the police knew that the defendant had been involved in an altercation that involved use of an SKS rifle that may have been in the possession of defendant. (Tr. of Dec. 15, 2008 Suppression Hr'g 30.) Second, the police knew that the car at issue was the car in which defendant and the victim began the night driving around in, and the car in which defendant fled the scene of the shooting. (See M&R 2-5 (summarizing the testimony of the officers); Tr. of Dec. 15, 2008 Suppression Hr'g 31, 42-43, 45.) Third, the car had blood splatters on the exterior that were

6

consistent with an individual standing over the car's trunk and dripping blood on it, as well as blood on the driver's side door window area. (Tr. Of Dec. 15, 2008 Suppression Hr'g 48, 54-56.) The car was parked in front of Brandy Dallas's residence, in which defendant was apprehended. (Id. at 49-51.) The police had thoroughly searched Brandy Dallas's residence looking for the weapons at issue and had not found them. (Id. at 50, 60.) Taken together, these facts indicate that the police had probable cause to suspect that the weapons may have been hidden in the trunk of the 2000 Hyundai that they searched.

The court therefore finds that the "automobile exception" applied to the warrantless search conducted in this case. The car was readily mobile and the police had probable cause to believe that the weapon used in the shooting may have been in the car. In so holding, the court has not considered any of the arguments of the parties regarding whether defendant had a reasonable expectation of privacy in the car, whether the evidence was subject to the "inevitable discovery doctrine," or whether the police had consent to search the vehicle. Nothing in this opinion should be regarded as reaching those questions as they are not necessary to deciding instant the motion .

For all of the foregoing reasons, this court OVERRULES defendant's objections to the M&R, and finds that the "automobile exception" applied to the police search of the car in this case. Except as heretofore stated, the court adopts the findings and recommendation of the magistrate judge as its own. Defendant's motion to suppress is accordingly DENIED.

SO ORDERED, this the $\underline{3}$ day of March, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

7