IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-217-FL-1
No. 5:16-CV-652-FL

| | | |
|---|---|---|
| RAY DELOYETTE DALLAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 90), which challenges his Armed Career Criminal Act (ACCA) sentencing enhancement in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 98). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On May 19, 2009, petitioner pleaded guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Prior to sentencing, the United States Probation Office prepared and published a Presentence Investigation Report ("PSR"), which describes in detail petitioner's background, including his criminal history. Based on petitioner's criminal history, the PSR determined that petitioner was an "armed career criminal" and that his statutory minimum sentence was 15 years, under 18 U.S.C. § 924(e)(1). (DE 58, ¶¶ 21, 57). The PSR identified three North Carolina felony "breaking and entering" convictions in petitioner's

criminal history, in addition to a felony conviction for assault with a deadly weapon with intent to inflict serious injury (AWDWISI). (Id. ¶¶ 10, 12, 13).

The court sentenced petitioner on September 8, 2009, to a term of imprisonment of 204 months, adopting the PSR without change. (See DE 60, 61). Petitioner did not appeal.

Petitioner filed the instant motion to vacate on July 1, 2016, arguing that he can no longer be classified as an Armed Career Criminal because he does not have qualifying predicate convictions following Johnson. The government moves to dismiss on the basis that petitioner qualifies as an Armed Career Criminal on the basis of petitioner's three breaking and entering convictions, and Johnson does not impact the validity of such predicate convictions.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or the[ ] [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B. Analysis

Johnson invalidated the "residual clause" contained in the definition of "violent felony" in the ACCA. 135 S.Ct. at 2555-56, 2563 (quoting 18 U.S.C. § 924(e)(2)(B)). Johnson, however, "does not call into question application of the [ACCA] to the four enumerated offenses or the remainder of the [ACCA's] definition of a violent felony." Id. at 2563. One of those enumerated offenses that constitutes a "violent felony" under the ACCA is "burglary." 18 U.S.C. § 924(e)(2)(B)(ii). It is well-established in this circuit that the North Carolina offense of breaking and entering qualifies as burglary. See United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014). Accordingly, because petitioner has three predicate convictions for breaking and entering, Johnson has no impact on petitioner's status as an Armed Career Criminal.

Petitioner argues, nonetheless, that this court should revisit the determination made in Mungro that the North Carolina offense of breaking and entering qualifies as burglary. This argument fails for multiple reasons. First, this argument, which has nothing to do with Johnson, is in effect a separate claim for relief that is procedurally defaulted and time-barred. See 28 U.S.C. § 2255(f); United States v. Frady, 456 U.S. 152, 165 (1982). Indeed, petitioner could have raised this argument as an objection at sentencing or upon direct review.

Second, this court is bound by Mungro, regardless of petitioner's contention that it was wrongly decided. See 754 F.3d at 268, 272 (holding that the North Carolina offense of "breaking or entering" "qualif[ies] as burglary and, thus, as a predicate offense under the ACCA"). Third, petitioner's argument is without merit. Petitioner contends that the reasoning in Mungro is called into question by two subsequent Fourth Circuit panel opinions, in United States v. Henriquez, 757 F.3d 144, 146 (4th Cir. 2014); United States v. McLeod, 808 F.3d 972, 973 (4th Cir. 2015). Those

3

cases, however, involved breaking and entering offenses defined under different state statutes and interpreted by different state courts of appeals. See Henriquez, 757 F.3d at 146 (South Carolina); Mcleod, 808 F.3d at 973 (Maryland). Petitioner suggests the North Carolina offense of breaking and entering should be interpreted in the same manner as the namesake offense under Maryland and South Carolina law, but petitioner fails to support this suggestion with analysis of the North Carolina statute or case law.

Notably, Henriquez turned on an undefined and isolated statutory term "dwelling," and its interpretation by Maryland courts. 757 F.3d at 148-50 (quoting Md. Code Ann., Crim. Law § 6-202(a)). Mcleod turned upon the statutory term "building," defined in the statute to include "any structure, vehicle, watercraft, or aircraft." 808 F.3d at 976 (quoting S.C. Code § 16-11-310(1)). In North Carolina, by contrast, "building" is defined by the breaking and entering statute to include "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." N.C. Gen. Stat. § 14-54 (emphasis added). In the North Carolina statute, unlike Maryland law, the term "dwelling" does not appear in isolation. Unlike South Carolina law, the definition of "building" does not include a "vehicle, watercraft, or aircraft." Thus, significant statutory differences undermine petitioner's argument on the merits.

In sum, petitioner's challenge to his Armed Career Criminal status is both procedurally barred and without merit. Therefore, petitioner's § 2255 motion must be dismissed as a matter of law.

C.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. See Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 90) and GRANTS the government's motion to dismiss petitioner's motion to vacate. (DE 98). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of November, 2016.

LOUISE W. FLANAGAN
United States District Judge

5

Case 5:08-cr-00217-FL   Document 106   Filed 11/07/16   Page 5 of 5